Nouveau El. Indus., Inc. v New York Mar. & Gen. Ins. Co. (2021 NY Slip Op 06961)





Nouveau El. Indus., Inc. v New York Mar. & Gen. Ins. Co.


2021 NY Slip Op 06961


Decided on December 14, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 14, 2021

Before: Gische, J.P., Webber, Oing, Singh, Higgitt, JJ. 


Index No. 157891/16 Appeal No. 14849 Case No. 2021-00413 

[*1]Nouveau Elevator Industries, Inc., et al., Plaintiffs-Respondents,
v
New York Marine and General Insurance Company, Defendant-Appellant, Markel American Insurance Company, Defendant.


Stewart Smith, New York (William F. Stewart of counsel), for appellant.
Bongiorno, Montiglio, Mitchell & Palmieri, PLLC, Mineola (William J. Mitchell of counsel), for Nouveau Elevator Industries, Inc, respondent.
Fitzpatrick & Hunt, Pagano, Aubert, LLP, New York (Brian W. Colistra of counsel), for National Casualty Company and Scottsdale Indemnity Company, respondents.



Order, Supreme Court, New York County (W. Franc Perry, J.), entered on or about January 5, 2021, which, to the extent appealed from as limited by the briefs, denied defendant New York Marine and General Insurance Company's (NYM) cross motion for summary judgment declaring that plaintiff Nouveau Elevator Industries, Inc.'s losses in the subject underlying personal injury actions fall within the products-completed operations aggregate limits of the policies issued by NYM to Nouveau and granted the motions of Nouveau and its excess insurers Scottsdale Indemnity Company and National Casualty Company for summary judgment to the extent of declaring that Nouveau is entitled to coverage from NYM in the underlying actions up to the general aggregate limit of liability and that NYM must continue to defend and indemnify Nouveau until the per project general aggregate limits are exhausted, unanimously reversed, on the law, with costs, Nouveau's and Scottsdale/National's motions denied, NYM's cross motion for summary judgment granted, and it is declared that the underlying personal injury actions against Nouveau fall within the products-completed operations aggregate limit of the policies issued by NYM to Nouveau.
Under the policies issued by NYM to Nouveau, the products-completed operations aggregate limit applies to work that has been completed, which is defined to include "that part of the work done at a job site [that] has been put to its intended use." Because the elevators Nouveau allegedly serviced negligently had been "put to their intended use" after being serviced, under the plain language of the policies, the products-completed operations aggregate limits apply (see United States Underwriters Ins. Co. v Image By J & K, LLC , 335 F Supp 3d 321, 337-339 [ED NY 2018]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 14, 2021